# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 16-0112V
Filed: November 22, 2016
Unpublished

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| JULIE FISK, | \* |
| | \* |
| Petitioner, | \* |
| v. | \* |
| | \*   Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH | \*   Special Processing Unit ("SPU") |
| AND HUMAN SERVICES, | \* |
| | \* |
| Respondent. | \* |
| | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Alison H. Haskins*, Maglio Christopher and Toale, PA, Sarasota, FL, for petitioner.
*Jennifer L. Reynaud*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On January 27, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.,*[2] (the "Vaccine Act").  Petitioner alleged that her receipt of a Twinrix (hepatitis A and B) vaccine on February 13, 2014, caused her to suffer a shoulder injury.  On July 8, 2016, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer.  (ECF No. 18).

On November 1, 2016, petitioner filed a motion for attorneys' fees and costs.  (ECF No. 24).  Petitioner requests attorneys' fees in the amount of $16,654.10 and attorneys' costs in the amount of $549.29 for a total amount of $17,203.39.  *Id.* at 2.  In

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

compliance with General Order #9, petitioner filed a signed statement indicating she incurred no out-of-pocket expenses.  Respondent did not file a response.

The undersigned has reviewed the billing records submitted with petitioner's request.  In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates, except as noted in the footnote below.[3]

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request and the lack of a response from respondent, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the sum of $17,189.39[4] for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Allison H. Haskins.[5]**

The clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] Consistent with *Solomon v. Sec'y of Health & Human Servs.*, No. 14-748V (Fed. Cl. Spec. Mstr. Oct. 27, 2016), the undersigned reduces the award to reflect the appropriate hourly billing rate for attorney Amber D. Wilson, who billed 0.2 hours in this case.  In *Solomon*, the undersigned determined that the appropriate hourly rate for work performed by Ms. Wilson in 2015 is $225.  In this case, Ms. Wilson billed at a rate of $295 for work performed in December 2015.  (ECF No. 24-1, p. 3).  The undersigned reduces the requested rate from $295 to $225, resulting in a $14.00 deduction.  This deduction is reflected in the amount awarded, above.

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[5] Petitioner requests that the check be forwarded to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota, Florida 34236.

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.